**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————
ROBERTO CASTANON,

              Petitioner,

        v.

UNITED STATES OF AMERICA,

              Respondent.
———————————————————

Civil Action No. 11-7634 (WHW)

**MEMORANDUM OPINION
AND ORDER**

      This matter comes before the Court on: (a) Petitioner's application seeking *vacatur* and re-entry of the underlying order so as to enable Petitioner's appeal out of time; and (b) Respondent's opposition to the same, *see* Docket Entries Nos. 5 and 7, and it appearing that:

1. On April 6, 2010, Petitioner was convicted upon entering a guilty plea in *United States v. Castanon*, Crim. Action No. 10-0237 (WHW) (D.N.J.) (filed Apr. 6, 2010; term. Nov. 23, 2010). His direct appeal was dismissed on January 15, 2012. *See United States v. Castanon*, USCA No. 10-4537 (3d Cir.).

2. Petitioner then sought collateral review in that matter. *See* Docket Entry No. 1. On April 11, 2012, this Court issued an order and accompanying opinion denying Petitioner § 2255 relief and finding that no certificate of appealability was warranted. *See* Docket Entries Nos. 2 and 3. Petitioner was served with the Court's ruling by means of regular U.S. mail. *See id*.

3. Fourteen months later, on June 6, 2013, the Clerk received a letter from Petitioner alleging that he had not been served with the April 11, 2012 ruling. *See* Docket

Entry No. 4. In response, the Clerk mailed Petitioner a copy of the docket sheet. *See id.*

4. Four weeks later, Petitioner filed the application seeking to vacate the order denying him § 2255 relief and re-entry of the same so that he could appeal many months after his time to file such appeal expired. *See* Docket Entry No. 5.

5. Respondent opposed that application. *See* Docket Entries Nos. 6 and 7. In its opposition, Respondent observed that Petitioner seeks to *de facto* circumvent this Court's prior substantive ruling, and that Petitioner's application cannot be squared with either the Rules of Appellate Procedure or the statutory regime governing the appellate process. *See* Docket Entry No. 7, at 2-5. Respondent is correct in its conclusion that no legal mandate supports Petitioner's application in light of the facts he asserted, and equitable considerations cannot be squared with Petitioner's delay.

6. On October 22, 2013, Petitioner was removed to Peru, his country of origin. *See id.* at 2, n.2 (reflecting Respondent's efforts to locate Petitioner in Peru). Pursuant to Local Rule 10.1, "unrepresented parties must advise the Court of any change in their . . . address within seven days of being apprised of such change by filing a notice of said change with the Clerk. Failure to file a notice of address change may result in the imposition of sanctions by the Court." L. Civ. R. 10.1(a); *see also McLaren v. N.J. State Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012) (the court may sanction a litigant "when [that] litigant's conduct makes adjudication impossible"). The range of such sanctions includes both administrative termination and conclusive closure. *See*, *e.g.*, *Kitchen v. Essex County Corr. Facility*, No. 12-

NOT FOR PUBLICATION

2199, 2013 U.S. Dist. LEXIS 101397 (D.N.J. July 18, 2013); *accord McLaren*, 462

F. App'x at 149 (quoting *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988), for

the observation that dismissal for failure to provide an accurate address was

appropriate because the district court "had little choice as to how to proceed" and

"an order imposing [lesser] sanctions would only find itself taking a round trip tour

through the United States mail"). It follows that even if the Court were to assume

that Petitioner's motion at bar might prove meritorious, his failure to advise the

Court of his change in address warrants termination of this matter.

7.  On the other hand, being mindful of the fact that Petitioner was neither served with

Respondent's opposition nor could have traversed to the same and offer this Court

his facts, if any, countering Respondent's position, it appears warranted to reserve

its final determination on the merits of Petitioner's application so to ensure that he

is availed to a full and fair opportunity to litigate it.

IT IS, therefore, on this 6th day of November, 2013,

ORDERED that the Clerk shall reopen this matter for the purposes of this Court's

examination of Petitioner's application docketed as Docket Entry No. 5, by making a new

and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

ORDERED that Petitioner's application docketed as Docket Entry No. 5 is denied.

Such denial, however, is without prejudice to renewal in the event Petitioner files with the

Clerk a written statement detailing a *bona fide* basis for Petitioner's failure to timely advise

the Court of his change in address and, in addition, a written statement as to: (a) the facts

warranting equitable relief as to Petitioner's procedural default in light of the discussion of

the applicable law provided in Respondent's opposition; and (b) the facts warranting

reconsideration of this Court's substantive finding (that no certificate of appealability was warranted) in light of the substantive findings previously made by this Court. Both such written statements shall be filed no later than within ninety days from the date of entry of this Memorandum Opinion and Order; and it is further

ORDERED that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED." *See Papotto v. Hartford Life & Accident Ins. Co.*, 2013 U.S. App. LEXIS 19660, at *26 (3d Cir. N.J. Sept. 26, 2013) ("administrative closings . . . are a practical tool used by courts to prune overgrown dockets and are particularly useful in circumstances in which a case, though not dead, is likely to remain moribund") (citation, ellipses and internal quotation marks omitted); and it is further

ORDERED that administrative termination is not a final dismissal on the merits. The Court reserves its determination and retains jurisdiction over this matter for the period of ninety days from the date of entry of this Memorandum Opinion and Order; and it is further

ORDERED that, in the event Petitioner fails to timely submit his written statements in accordance with the terms of this Memorandum Opinion and Order, Petitioner's application docketed as Docket Entry No. 1 shall be deemed conclusively denied for failure to prosecute, *see Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008); *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003); *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992), and this Court's jurisdiction shall be deemed conclusively withdrawn, with this matter being deemed ripe for appeal if such is desired, without further notice to Petitioner; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Respondent by means of electronic delivery; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by certified mail, return receipt requested, and enclose in said mailing: (a) copies of this Court's substantive disposition opinion and order docketed in this matter as Docket Entries Nos. 2 and 3; and (b) a copy of Respondent's opposition docketed in this matter as Docket Entry No. 7.


<u>**/s/ William H. Walls**</u>
United States Senior District Judge